IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROBERT T. LAND, JR.
ERIN LAND                                                                   PLAINTIFFS

V.                                                                  CASE NO. 1:08CV012

AGCO CORPORATION, FORMERLY
KNOWN AS MASSEY-FERGUSON, INC.,
AND MASSEY FERGUSON INDUSTRIES,
LOVORN TRACTOR COMPANY,
JOHN DOES 1-5                                                               DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the motion [12] of the plaintiffs to remand the instant matter to state court.

Robert and Erin Land filed suit on February 5, 2005 in Winston County Circuit Court. The Lands seek recovery stemming from an accident in which Robert Land was struck by a stump jumper and attached blade which became detached from a bushhog manufactured by defendant, Agco Corporation ("Agco"), and sold by defendant, Lovorn Tractor Company ("Lovorn"). Agco is a Delaware Corporation. Lovorn is a Mississippi Corporation with its principal place of business in Mississippi. On January 16, 2008, the defendants removed the action to this court.

The only challenge to removal is that complete diversity of the parties does not exist. The defendants claim including Lovorn in the action constituted fraudulent joinder. The Lands assert Lovorn is liable for breach of an implied warranty.

The Judiciary Act of 1789 provides that "any civil action brought in a State court of

which the districts of the United States have original jurisdiction, may be removed . . . to the district court of the United States." 28 U.S.C. § 1441(a). After removal of a case, the plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Once a motion to remand has been filed, the burden is on the removing party to establish the existence of federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "[T]he removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, the mere theoretical possibility of recovery is insufficient to defeat diversity jurisdiction *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).

In arguing Lovorn was improperly joined in this case, the defendants' task is made considerably more difficult by the Fifth Circuit's decisions in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) and *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 336 n. 2 (5th Cir. 2004). The Fifth Circuit in *Smallwood* and *McKee* emphasized that the fraudulent joinder standard is more akin to a 12(b)(6) standard than the quasi-summary judgment standard which had previously been applied by many district judges in this circuit. *See Smallwood*, 385 F.3d at 573. In light of *McKee* and *Smallwood*, the fraudulent joinder standard is far more deferential to the plaintiff's allegations than had commonly been assumed.

Begining in 1993, the Mississippi Legislature revised the state's products liability law as part of an effort at tort reform. Once again in 2002 and 2004 in special sessions the legislature took up products liability law. In the 2004 special session, the Mississippi legislature enacted the current Mississippi Products Liability Act ("MPLA"). The defendants cite MISS. CODE ANN. § 11-1-63(h), a section of the Act, which immunizes "innocent sellers who are not actively

negligent, but are instead mere conduits of a product." The defendants argue that this precludes liability for an innocent retailer under the theory of breach of an implied warranty. The plaintiffs contend MISS. CODE ANN. § 11-1-63(h) applies only to products liability, negligence, and breach of express warranty suits. They argue that MISS. CODE ANN. § 75-2-314 controls actions based on breach of the implied warranty of merchantability. Thus the only question truly before the court is whether an innocent seller may be sued for breach of an implied warranty of merchantability.

> Section 11-1-63 states:
>
> . . . in any action for damages caused by a product except for commercial damage to the product itself:
>
> (a) The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller;
>     (i) 1. The product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, or
>     2. The product was defective because it failed to contain adequate warnings or instruction, or
>     3. The product was designed in a defective manner, or
>     4. The product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product; and
> (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and
> (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

MISS. CODE ANN. § 11-1-63(a). The plain language of the statute appears to define the entire universe of products liability and related actions which may be brought under Mississippi law. A separate Mississippi statute allowed for claims of breach of the implied warranty of merchantability at the time of the enactment of MPLA. MISS. CODE ANN. § 75-2-314.

Practitioners argued that because the MPLA contained no provision for recovery based on breach of implied warranties, those claims were no longer available under Mississippi law. The plain language of the statute supported this point. The statute included all claims available in products liability actions without reference to implied warranties. However, the statute was not so interpreted. Instead the Mississippi Supreme Court found "the MPLA does not abrogate a statutory cause of action for breach of implied warranty as grounds for recovery."[1] *Bennett v. Madakasira*, 821 So.2d 794, 808 (Miss. 2002); *see also Childs v. General Motors Corp.* 73 F. Supp. 2d 669 (N.D. Miss. 1999).

Faced with the *Bennett* court's decision, practitioners began to argue that MISS. CODE ANN. § 11-1-63(h) protected innocent sellers against claims of breach of implied warranties. Subsection (h) states innocent sellers are not liable for "any action alleging that a product is defective pursuant to paragraph (a)." MISS. CODE ANN. § 11-1-63(h). Mississippi state courts have yet to rule on the applicability of subsection (h) to breach of implied warranty claims. However, federal courts in Mississippi have interpreted the statute. Three judges have interpreted the statute as prohibiting a claim of breach of an implied warranty against an innocent seller. *Willis v. Kia Motors Corp.*, 2007 WL 1860769, at *3 (N.D. Miss. June 26, 2007); *Jones v. General Motors Corp.*, 2007 WL 1610478, at *3 (S.D. Miss. June 1, 2007); *Collins v. Ford Motor Co.*, 2006WL 2788564, at *2-3 (S.D. Miss. September 26, 2006). Today this court joins that line of cases.

In interpreting a statute a federal court must use the state rules of statutory construction. *McNeil v. Time Ins. Co.*, 205 F.3d 179, 183 (5th Cir. 2000). In Mississippi, "[w]here the statute

---

[1] This decision was handed down before passage of the current version of the statute. However, the current version of subsection (a) of the statute is unchanged. *See* MISS CODE ANN. § 11-1-63 (1993). As such the Mississippi Supreme Court's decision remains binding.

is plain and unambiguous there is no room for construction." *Bailey v. Al-Mefty*, 807 So.2d 1203, 1206 (Miss. 2001). Here the statute is not clear on its face. This ambiguity is aggravated by *Bennett*. The statute on its face appears to preempt all prior Mississippi products liability law. However, this language is inconsistent with prior language in the separate code section allowing implied warranty actions to remain "on the books."

"The primary rule of construction is to ascertain the intent of the legislature from the satute as a whole and from the language used therein." *Bailey*, 807 So.2d at 1206. "Whatever the legislature says in the text of the statute is considered the best evidence of the legislative intent." *Pegram v. Bailey*, 708 So.2d 1307, 1314 (Miss. 1997) (citing *Isbrandtsen Co. v. Johnson*, 343 U.S. 779 (1952)). Further the Mississippi Supreme Court has held that if more than one interpretation is possible, a statute must be given the interpretation which "best effectuate[s] [its] purpose." *Id.* (citing *Brady v. John Hancock Mut. Life Ins. Co.*, 342 So.2d 295 (Miss. 1977); *Aikerson v. State*, 274 So.2d 124 (Miss. 1973) (overruled on other grounds). Courts must also consider the consequences of a particular interpretation "as to whether the result of such construction is good or bad." *Aikerson*, 274 So.2d 124, 127 (Miss. 1993) (overruled on other grounds) (citing *L.H. Conard Furniture Co. v. Mississippi State Tax Commission,* 133 So. 652 (Miss. 1931). Finally, a construction rendering a statute ineffective must be avoided if another interpretation is reasonable. *Davis v. Miller*, 32 So. 871, 873 (Miss. 1947).

In finding innocent seller immunity, courts have relied on the stated purpose of the act. *See, e.g., Willis*, 2007 WL 1860769, at *3. The statute says that its intent is "to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product." MISS. CODE ANN. § 11-1-63(h). This language evidences a clear intent to provide immunity for innocent sellers for all claims related to products liability, including those brought under an

implied warranty theory.

Further, allowing innocent retailers to be held liable for claims of breach of implied warranties would erode the rule of innocent seller immunity. In virtually any products liability action, a plaintiff would be able to bring such an action. Carried to its logical conclusion, a plaintiff unable to prove products liability against a manufacturer could recover against an innocent seller. This court doubts that the Mississippi legislature intended to provide protection for innocent sellers in all areas of products liability law except for the area of implied warranties.

The court finds that MISS. CODE ANN. § 11-1-63(h) provides immunity to innocent sellers in actions for breach of implied warranties. The Lands have therefore failed to state a valid claim against Lovorn and under Mississippi law they have no chance for recovery from an innocent seller. Including Lovorn in this action is fraudulent joinder. Lovorn is thus dismissed from the action.

Plaintiff's motion for remand is DENIED. Defendant Lovorn Tractor Company is DISMISSED from the present action.

This the 25th day of August, 2008

                                           **/s/ MICHAEL P. MILLS**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**
                                           **NORTHERN DISTRICT OF MISSISSIPPI**