IN THE CIRCUIT COURT OF WINSTON COUNTY, MISSISSIPPI

ROBERT T. LAND, JR., AND
ERIN LAND                                                                          PLAINTIFFS

VERSUS                                                                            NO. 2007-250CVL

AGCO CORPORATION, FORMERLY
KNOWN AS MASSEY-FERGUSON, INC.,
AND MASSEY-FERGUSON INDUSTRIES,
LOVORN TRACTOR COMPANY;
AND JOHN DOES 1 - 5                                                               DEFENDANTS

## COMPLAINT

COME NOW Plaintiffs, by and through counsel, and file this, their Complaint against the Defendants, as follows, to-wit:

I.

Plaintiff, Robert T. Land, Jr. is an adult resident citizen of Louisville, Winston County, Mississippi.

Plaintiff, Erin Land, is an adult resident citizen of Louisville, Winston County, Mississippi.

II.

Defendant, Agco Corporation formerly known as Massey-Ferguson, Inc., and Massey-Ferguson Industries, is a corporation organized and existing under the laws of the State of Delaware, licensed and doing business in the State of Mississippi, and may be served with process of this Court by service upon its registered agent, C. T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

At all times complained of, this Defendant is the successor in interest to Massey-Ferguson, Inc. and Massey-Ferguson Industries, is the purchaser of all Massey-Ferguson holdings, world-wide, and is the manufacturer, retailer, wholesaler, seller, and distributor of the

EXHIBIT 1

FILED
NOV 3 0 2007
KIM T. MING
CIRCUIT CLERK

subject rotary cutter and is liable and responsible on this basis.

Defendant, Lovorn Tractor Company, is a corporation organized and existing under the laws of the State of Mississippi, and may be served with process of this Court by service upon its registered agent, Allan Lovorn, 713 E. John C. Stennis Drive, Louisville, MS 39339.

At all times referenced herein, this Defendant is the dealer/seller of the subject rotary cutter, repairer and servicer of the subject rotary cutter, and is liable and responsible on this basis.

Defendants, John Does 1 - 5, are any and unknown entities which may be liable to the Plaintiffs for damages, as possible manufacturers of any of the components of the subject rotary cutter, and are or may be liable and responsible on this basis.

III.

At all times pertinent hereto, the defendants were engaged in the business of designing, manufacturing, distributing, marketing, selling and servicing Massey equipment including, in particular, a model 2006 Massey-Ferguson rotary cutter bush hog, one of which is the subject matter of this action prior to and subsequent to the date of the manufacture of the product in question.

IV.

At all times pertinent hereto, the defendant was regularly engaged in business and doing business in the State of Mississippi and may be found doing business herein.

V.

On or about February 5, 2005, Plaintiff, Robbie Land, Jr., was struck on the right side of his body by a stump jumper and attached blade, which became detached from a model 2006 Massey-Ferguson rotary cutter bush hog, serial number 1060, being operated by his father, resulting in severe injuries, including cutting a main artery in his right thigh, as well as other extensive and permanent injuries and damages.

VI.

The aforementioned injuries were not caused by any act or failure to act on the part of Plaintiff.

The aforementioned injuries and damages resulted from the design, manufacturing, marketing, distributing and sale of a product that was in a defective condition and was unreasonably dangerous for its intended or foreseeable use and as such, said defendants are strictly liable to Plaintiffs.

VII.

Plaintiffs would state unto the Court that defendants manufactured and placed upon the market a rotary cutter and component parts which were unsafe and, in fact, unreasonably dangerous. The rotary tractor and its component parts were defective and unsafe when it left the defendants after manufacture. The Plaintiffs were unaware of the defective and dangerous condition of the tractor and the injuries and damages of Plaintiffs were proximately caused by the unreasonably dangerous and defective condition of the rotary cutter and its components; therefore, the Defendants are strictly liable to the Plaintiffs pursuant to §11-1-63 MCA and common law, and as a result thereof, the Plaintiffs have suffered damages as set forth herein.

VIII.

The aforementioned injuries resulted from the negligent and/or malicious and/or outrageous and/or reckless and/or other tortious conduct of the Defendants herein consisting, *inter alia*, of the following:

    a. Failing to properly design the rotary cutter and its components;

    b. Failing to properly inspect and/or test the rotary cutter and its components to determine the presence of conditions which reasonably might affect its safe operation;

    c. Failing to properly mark and/or otherwise include with the rotary cutter, clear and

adequate instructions and/or warnings relating to the risk or injury associated with its use.

d. Failing to comply with implied and/or express warranties that the rotary cutter and its components were merchantable and safe for its intended and/or foreseeable uses and/or expressed uses.

e. Continuing to manufacture, market and sell the rotary cutter and components in their defective and dangerous condition despite knowledge of the inordinate risk to users including Plaintiff herein.

f. Failing to use technologically and economically feasible design alternatives;

g. Failing to properly assemble, weld, inspect and/or repair the subject rotary cutter;

h. Other acts to be shown at the trial of this action.

IX.

In addition to the aforesaid allegations, the Plaintiffs would allege that Defendants are liable to the Plaintiffs for breach of implied warranty of fitness and merchantability in that the defendant manufactured and sold the rotary cutter and its components and impliedly and expressly warranted its fitness as a rotary cutter by any user, including the Plaintiff and the Plaintiff's father. The Defendants knew or should have known that it was foreseeable and probable that the stump jumper and blade might detach and impliedly warranted that the rotary cutter and its components were safe. The Plaintiffs relied on said rotary cutter being merchantable, fit and safe; however, said rotary cutter was unsafe, dangerous, usable and unfit for the purposes for which it was intended or reasonably foreseeable to be used and failed to substantially conform to product representations and/or the reasonable expectations of purchasers, consumers or bystanders, and as a direct result of said breach of the express and implied warranties, the Plaintiffs suffered the damages set forth herein.

X.

The acts of Defendants described hereinabove constitute a willful and reckless disregard to the safety of users of its product, including Plaintiffs, and constitutes gross negligence for which Defendants, Agco Corporation, formerly known as Massey-Ferguson, Inc. and Massey-Ferguson Industries are liable in punitive damages in an amount to be determined by the jury.

XI.

As a result of Defendants' conduct hereinabove described, the Plaintiff, Robert T. Land, Jr., has suffered mental and emotional distress, physical pain and suffering, loss of wages, and loss of wage earning capacity, scarring and disfigurement, and loss of enjoyment of life, all of which he will suffer more of in the future.

As a further, direct and proximate result of the accident, Plaintiff suffered severe personal injuries, past, present and future pain and suffering as well as past, present and future mental and emotional distress. Plaintiff further incurred and is entitled to recover medical, hospital and drug expenses and will likely incur future expenses.

The Plaintiff, Erin Land, seeks all damages allowed by law for her damages, including mental and emotional distress and loss of consortium.

XII.

At the time of the accident complained of, Plaintiff, Robert T. Land, Jr., was 41 years of age, in reasonably good health, and had a life expectancy of approximately 35.1 years according to the Vital Statistics of the United States.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment of, from and against the Defendants in an amount to be determined by the jury, as well as punitive damage against the Defendant, Agco Corporation, formerly known as Massey Ferguson, Inc. and Massey-Ferguson Industries in an amount to be determined by the jury together with all costs.

Respectfully submitted,

CHAPMAN, LEWIS & SWAN
Attorneys for Plaintiffs
P. O. Box 428
Clarksdale, MS 38614
(662) 627-4105

By: /s/ W. Brennan Chapman
W. Brennan Chapman
MSB# 102508

PLAINTIFFS REQUEST A TRIAL BY JURY